1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARNELL CROSBY,

11            Plaintiff,                    No. CIV S-09-1244 JAM DAD P

12        vs.

13   M. KEATING, et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  In accordance with the court's May 18, 2009 order, plaintiff has filed an

18   application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred

19   to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C.

20   § 636(b)(1).

21                         **SCREENING REQUIREMENT**

22            The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   /////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."   Bell

17  Atlantic, 550 U.S. 555.  In reviewing a complaint under this standard, the court must accept as

18  true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

19  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and

20  resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21        The Civil Rights Act under which this action was filed provides as follows:

22      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the

23      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at

24      law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4   omits to perform an act which he is legally required to do that causes the deprivation of which

5   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Moreover, supervisory personnel are generally not liable under § 1983 for the

7   actions of their employees under a theory of respondeat superior and, therefore, when a named

8   defendant holds a supervisorial position, the causal link between him and the claimed

9   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

11  allegations concerning the involvement of official personnel in civil rights violations are not

12  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13                          **PLAINTIFF'S COMPLAINT**

14         In his complaint, plaintiff has named M. Cate, M.D. McDonald, R.L. Gower, M.

15  Wright, P. Statti, L. Warren, N. Grannis, D. Davey, M. Keating, J. Howe, and A. Fleming as

16  defendants.  (Compl. at 3-5.)

17         Plaintiff alleges as follows in his complaint.  On August 11, 2008, August 26,

18  2008, October 11, 2008, and October 16, 2008, plaintiff received legal mail that had been opened

19  outside of his presence.  The opened mail was clearly "legal" and therefore "privileged" and

20  "confidential."  Plaintiff submitted an inmate appeal to prison officials regarding the mishandling

21  of his mail and asked them to recognize that correspondence from United States government

22  agencies, including the United States Department of Veterans Affairs, and correspondence from

23  veterans service organizations, including Veterans of Foreign Wars, the American Legion, and

24  Disabled Veterans of America, as "confidential" and "privileged."  Plaintiff pursued his inmate

25  appeal in this regard through the highest level of review and sought to resolve his complaint

26  through informal channels as well, but prison officials denied his requests for relief and refused

                                              3

1    to acknowledge government agencies and veteran service organizations as legitimate legal

2    service providers.  Plaintiff notes that he has an active claim with the United States Department

3    of Veterans Affairs and also has a case pending in the United States Court of Appeals for

4    Veterans Claims.  In communicating with these two entities, plaintiff has transmitted sensitive

5    personal information that is necessary for the proper and effective processing of his claims.

6    (Compl. at 6-11.)

7           Plaintiff claims that the defendants have violated his constitutional rights under

8    the First Amendment, Sixth Amendment, and Fourteenth Amendment.  In terms of relief,

9    plaintiff seeks damages as well as declaratory and injunctive relief.  (Compl. at 3-11.)

10                                          **DISCUSSION**

11          Plaintiff's complaint fails to state a cognizable claim for relief.  Plaintiff is

12   advised that, in contrast to mail from a prisoner's attorney, mail from a public agency, a public

13   official, recognized civil rights groups, or the news media is not "legal mail."  <u>See</u> <u>Mann v.</u>

14   <u>Adams</u>, 846 F.2d 589 (9th Cir. 1988).  Similarly, mail from a court is not "legal mail."  <u>See</u>

15   <u>Keenan v. Hall</u> 83 F.3d 1084, 1094 (9th Cir. 1996).  In this regard, prisoners do not have a

16   constitutional right to have mail from these entities or individuals or similar entities or

17   individuals opened in their presence.

18          In this case, plaintiff's allegations and the exhibits attached to his complaint

19   indicate that he has received mail from the Department of Veterans Affairs and the United States

20   Court of Appeals for Veterans Claims.  However, even assuming that prison officials opened

21   mail directed to him from these entities outside of his presence, plaintiff has no cognizable cause

22   of action against prison officials them because the mail was not "legal mail."  Rather, the mail

23   was from either a federal agency or a court.  Moreover, nowhere in plaintiff's complaint does he

24   allege that he received mail from his attorney that was opened outside of his presence.

25          Finally, to the extent that plaintiff has named certain prison officials as defendants

26   in this action because of their role in denying his inmate appeal, plaintiff is advised that "inmates

                                                  4

1   lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v.

2   Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

3   1988)).

4          For the reasons discussed above, the court concludes that plaintiff's complaint

5   should be dismissed.  Although leave to amend is generally to be freely granted, particularly

6   where the plaintiff is proceeding pro se, under the circumstances of this case the granting of

7   leave to amend would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.

8   1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment

9   would be futile.").

10                              **OTHER MATTERS**

11         On the same day that plaintiff filed his civil rights complaint he filed a motion for

12  preliminary injunctive relief.  Therein, plaintiff seeks a court order allowing him to communicate

13  confidentially with United States government agencies, the United States Department of Veterans

14  Affairs, and his choice of veterans service organizations.  (Pl.'s Mot. for Prelim. Inj. at 1-4 &

15  Mem. of P. & A. at 5-10.)

16         For the same reasons discussed above, plaintiff's motion fails to state a cognizable

17  claim for relief nor does it demonstrate that plaintiff is entitled to the requested court order.  See

18  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal standard for

19  preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

20  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

21  balance of equities tips in his favor, and that an injunction is in the public interest.'") (quoting

22  Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).  Accordingly,

23  the court concludes that plaintiff's motion for preliminary injunctive relief should be denied.

24  /////

25  /////

26  /////

                                    5

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's June 5, 2009 motion to proceed in forma pauperis (Doc. No. 8) be denied;

2.  Plaintiff's complaint be dismissed for failure to state a claim;

3.  Plaintiff's May 6, 2009 motion for preliminary injunctive relief (Doc. No. 2) be denied; and

4.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2009.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cros1244.56

6