IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARNELL CROSBY,

      Plaintiff,                          No. CIV S-09-1244 JAM DAD P

  vs.

M. KEATING, et al.,

      Defendants.                 <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On November 2, 2009, the undersigned issued findings and recommendations, recommending dismissal of this action for failure to state a cognizable claim for relief. The undersigned also recommended denying plaintiff's motion for preliminary injunctive relief for the same reason. Pending before the court is plaintiff's motion for leave to file a supplemental complaint and proposed supplemental complaint as well as plaintiff's request to expedite review of his motion for preliminary injunctive relief.

        Plaintiff did not have the benefit of the undersigned's findings and recommendations before he filed his recent requests with the court. Nevertheless, the court has reviewed plaintiff's recent filings. First, the court will deny plaintiff's motion for leave to file a supplemental complaint. Plaintiff has again failed to state a cognizable claim in his supplemental

1

1  complaint against defendants for allegedly opening his mail outside of his presence.  This is
2  because mail tp prisoners from veterans services organizations, public agencies, and courts does
3  not constitute  "legal mail."  See Mann v. Adams, 846 F.2d 589 (9th Cir. 1988) (per curiam);
4  Keenan v. Hall 83 F.3d 1084, 1094 (9th Cir. 1996).  In addition, plaintiff has failed to state a
5  cognizable claim against defendants for their role in processing his inmate appeals.  It is well
6  established that "inmates lack a separate constitutional entitlement to a specific prison grievance
7  procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855
8  F.2d 639, 640 (9th Cir. 1988)).

9        The court will also deny plaintiff's motion for leave to file a supplemental
10 complaint because his proposed supplemental complaint is incomplete.  Under Local Rule 15-
11 220, "every pleading to which an amendment or supplement is permitted . . . shall be retyped and
12 filed so that it is complete in itself without reference to the prior or superseded pleading."
13 Plaintiff's supplemental complaint is not "complete in itself."  Rather, it only contains allegations
14 related to events that have occurred since he filed his original complaint.

15       Finally, plaintiff's request to expedite review of his motion for preliminary
16 injunctive relief is moot.  As noted above, the court recommended denying the motion in its
17 recently-issued findings and recommendations.

18       For the reasons discussed above, IT IS HEREBY ORDERED that:
19       1. Plaintiff's October 23, 2009 motion for leave to file a supplemental complaint
20 (Doc. No. 10) is denied;
21       2. Plaintiff's October 23, 2009 proposed supplemental complaint (Doc. No. 12) is
22 disregarded; and
23 /////
24 /////
25 /////
26 /////

3.  Plaintiff's October 23, 2009 request to expedite review of his motion for preliminary injunctive relief (Doc. No 9) is denied as moot.

DATED: November 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cros1244.supp